## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| TWILLIAMS EL BEY, *et al.*, | ) | CASE NO. 1:25-CV-1299 |
| | ) | |
| Plaintiffs, | ) | JUDGE CHARLES E. FLEMING |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION AND** |
| WILMINGTON SAVINGS FUND | ) | **ORDER** |
| SOCIETY, FSB, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

*Pro se* Plaintiffs Plaintiffs TWilliams El Bey (aka Tyrone Williams) and TMcClain El Bey filed this action against the Wilmington Savings Fund Society, FSB, as Trustee for the NLT 2021-INV2 Trust.  (ECF No. 1, PageID #1).  Plaintiffs claim that Twilliams El Bey "is the private Executor and Beneficiary of a private trust estate related to the property located at 3315 E. 55th [St.], Cleveland, Ohio 44127."  (*Id*. at PageID #2).  They then state that one of the Plaintiffs originally was a party to a mortgage secured by 1448 E. 116th Street, Cleveland, Ohio 44106.  (*Id*.).  They do not reveal which Plaintiff was the subject of this mortgage.  (*Id*.).  The mortgage on the 116th Street property was transferred by the mortgage holder to a securitized trust for sale or servicing of the mortgage.  (*Id*. at PageID #2–3).  Plaintiffs contend that they did not consent to this transfer and claim it is a violation of securities law and a violation of the Racketeer Influenced and Corrupt Organizations Act.  (*Id*. at PageID #3–4).  They ask this Court to enjoin foreclosure proceedings, rescind the mortgage, and declare it to be fully discharged.  (*Id*. at PageID #4).

Both Plaintiffs filed applications to proceed *in forma pauperis*.  (ECF Nos. 2 and 3).  Both applications are **DENIED**.

Pursuant to 28 U.S.C. § 1915, this Court may authorize the commencement of any action without prepayment of filing fees if the litigant submits an affidavit that includes a statement of all assets, income, and debt that demonstrates the person is unable to pay the filing fee.  28 U.S.C. § 1915(a)(1).  Pauper status does not require absolute destitution.  *Foster v. Cuyahoga Dep't of Health & Hum. Servs.*, 21 F. App'x 239, 240 (6th Cir. 2001).  Instead, the Court must examine the affidavit and determine whether the litigant can pay the court costs without undue hardship.  *Foster*, 21 F. App'x at 240.  It is within the Court's discretion to allow a litigant to proceed *in forma pauperis* ("IFP").  *Id.*  Proceeding IFP is a privilege, and not a right.  *Wilson v. Yaklich*, 148 F.3d 596, 603 (6th Cir. 1998).  It is the applicant's burden to demonstrate qualification for IFP status.

In determining eligibility to proceed IFP, courts look to the applicant's employment status, annual salary, and any property or assets the applicant may possess.  *See Schneller v. Prospect Park Nursing & Rehab. Ctr.*, 2006 WL 1030284, at *1 (E.D. Pa. Apr.18, 2006).  In addition to salary from employment, federal courts have considered disability income in assessing whether an applicant can pay court costs without undue hardship.  *See, e.g., Whatley v. Astrue*, 2011 WL 5222908, at * 1–2 (N.D.N.Y. Oct. 14, 2011); *Hearn v. Comm'r of Soc. Sec.*, 2007 WL 2972542, at *1 (D.N.J. Oct. 10, 2007).  Assets include equity in real estate and automobiles.  *See Levet v. Comm'r of Soc. Sec.*, 2014 WL 3508893, at *1 (N.D. Ohio July 15, 2014); *Ciavarella v. Comm'r of Soc. Sec.*, 2013 WL 5354091, at *1 (N.D. Ohio Sept. 24, 2013).  In addition, federal courts "have consistently considered not only an IFP applicant's personal income, but also his or her other financial resources, including the resources that could be made available from the applicant's spouse, or other family members."  *Helland v. St. Mary's Duluth Clinic Health System*, 2010 WL

2

502781, at *1, n. 1 (D.Minn. Feb. 5, 2010). *See also Reynolds v. Crawford*, 2009 WL 3908911, at *1 (S.D. Ohio Nov. 17, 2009).

It is unclear who the real party in interest is in this case. Both Plaintiffs list their address as 3315 E. 55th Street. (ECF No. 1, PageID #8). The property secured by the mortgage is located on E. 116th Street in Cleveland. (*Id*. at PageID #2). Neither Plaintiff lists a house as an asset on his IFP Application, although TWilliams El Bey lists a mortgage payment and a rent payment in his expenses. (ECF No. 2, PageID #15). Plaintiffs do not disclose which of them, if either of them, was the mortgagor on the E. 116th Street property. The Plaintiff who was not a party to the mortgage lacks standing to raise claims related to the transfer of the mortgage. Because it is unclear who the real party in interest is in this case, it is also unclear which IFP application is relevant to this litigation.

Nevertheless, neither of the Plaintiffs has demonstrated that he qualifies for IFP status. TWilliams El Bey indicates that he earns $6,250.00 per month, which equates to $75,000.00 per year. (ECF No. 2, PageID #12). He explains that he is going through a divorce, living separate from his spouse, and has two adult children in college. (*Id*. at PageID #16). While these are not insubstantial expenses, it does not appear the cost of filing is beyond his means.[1] Rather, this is a case where Twilliams El Bey must "weigh the financial constraints posed by pursuing [his]

---

[1] This is well beyond the 2025 poverty guidelines for a three-person household in the contiguous United States which is $32,150.00 per year or $2679.17 per month. https://www.uscis.gov/i-864p. For purposes of reviewing IFP applications, courts suggest 150% of the poverty guidelines as a basis for granting IFP applications, which equates to $3,331.25 per month for a three-person household or $39,975 per year. https://www.uscourts.gov/sites/default/files/2025-01/ifp-monthly-poverty-guidelines-2025.pdf. A four-person household under the Court's guidelines would need an income of $4,018.75 or less to qualify for IFP status. Although these are not required standards, they do provide guidance to the Court when evaluating IFP requests. The Court regularly takes into consideration special circumstances and situations which may be unique to an individual litigant.

complaint against the merits of [his] claims." *Behmlander v. Comm'r of Soc. Sec*., 2012 WL 5457466, at * 2 (E.D. Mich. Oct. 16, 2012).  His application is **DENIED**.  (ECF No. 2).

TMcClain El Bey did not make a sincere attempt to complete the IFP Application.  (ECF No. 3).  He left nearly every space on the application blank and states that he took a vow of poverty.  (*Id*. at PageID #20).  He also states that he is the pastor and ambassador of a church, and that the church covers his rooming expenses.  (*Id*. at PageID #22).  He indicates that he has been recognized as disabled by the Social Security Administration but contends that he receives no money from them.  (*Id*. at PageID #23).  He provides no information on how much support he receives from the church or other individuals, or how he obtains food, utilities, clothing, transportation, medical care, and other expenses.  Gifts and support from others qualifies as income for consideration of an IFP application.  (ECF No. 3, PageID #18).  His incomplete application fails to establish that he qualifies for IFP status.

Accordingly, Plaintiffs' applications to proceed *in forma pauperis* (ECF Nos. 2 and 3) are **DENIED** and this action is **DISMISSED WITHOUT PREJUDICE**.  The Court **CERTIFIES**, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.  Plaintiffs may reopen this case within thirty (30) days of the date of this Order by first paying the full filing fee of $405.00 and then filing a motion to reopen.  The Court will not accept additional documents for filing in this case, including a motion to reopen or a motion for reconsideration, unless and until the full filing fee is paid to the Court's satisfaction.  Furthermore, the filing fee must be paid by check made payable to the United States District Court for the Northern District of Ohio.  The Court does not accept bills of exchange, promissory notes, or other types of "negotiable instruments" as payment for filing fees.

**IT IS SO ORDERED.**

Date:  August 27, 2025

_____
**CHARLES E. FLEMING**
**UNITED STATES DISTRICT JUDGE**